In the Matter of the Estate of MARY H. VAN HAGEN, Deceased.

Surrogate's Court, Rensselaer County, October 25, 1929.

*George E. O'Connor* and *Gerald W. O'Connor*, for the executor.

*Murphy, Aldrich & Guy*, for First and Fifth Avenue Baptist Church.

*Henry J. Speck*, for Day Home, Inc.

*E. A. Pattison* and *E. H. Pattison*, for Troy Orphan Asylum.

*John T. Norton*, for Maxwell E. McDowell and another, executors.

WAGER, S. The executor has petitioned for a construction of certain paragraphs of the will of the above-named decedent for

his guidance in the payment of legacies and the distribution of the estate.

The paragraphs of the will asked to be construed read as follows:

"*Fourth.* I give and bequeath to the First Particular Baptist Church of the City of Troy, a religious corporat on located in the City of Troy, New York, the sum of Two Thousand ($2,000) Dollars, in trust nevertheless to be invested and re-invested from time to time in such securities as Savings Banks are authorized by the Laws of the State of New York to purchase and the income received therefrom to be annually applied to the support and maintenance of their church and paying the ordinary running expenses thereof."

"*Eighth.* In case of the dissolution of any of the corporations named in this will prior to my decease, I hereby revoke the provision thereof to such corporation and cancel the legacy to the corporation so dissolved."

By the 12th and 13th paragraphs of the will the First Particular Baptist Church is also given a portion of the residuary estate, and if the legacy bequeathed in the 4th paragraph above set forth should fail, then the legacy or so much thereof as is given to the church in the residuary clause would also fail.

The facts submitted to the court and agreed upon by all the interested parties are as follows: The First Particular Baptist Church of the City of Troy was incorporated in 1804, and continued under that corporate name until on or about July, 1928, when by proceedings taken in the Supreme Court the First Particular Baptist Church and the Fifth Avenue Baptist Church, two separate corporations, were consolidated, by an order entered the 27th of July, 1928, under the name of " First and Fifth Avenue Baptist Church of Troy, N. Y." This consolidation was taken under the provisions of the Religious Corporations Law, and the new church or corporation was to continue as a member of the Baptist denomination, the same as the two churches had operated under during all the time of their separate existence. The church property to be used after the forming of the new corporation was the same property as was used by the original First Particular Baptist Church.

The decedent executed her will in April, 1920, and died in the city of Troy on the 13th day of September, 1928, barely two months after the consolidation of the two churches. It will be noted by reading the paragraph giving the bequest to the church that it was for the purpose of providing a continuous fund, the income to be used and applied for the support and maintenance and the paying of the ordinary running expenses of the church;

in other words, she wished to contribute after her death for the maintenance of the Baptist church and for the furtherance of religion under the Baptist denomination.

It is conceded that if the 8th paragraph of the will was not in the document that then there would be no question that the legacy given in the 4th paragraph would be valid and would not fail.

It is true that the corporation known as the First Particular Baptist Church of the city of Troy ceased as such when the order of consolidation was made and entered, but in the opinion of the surrogate the act of consolidation was not such a dissolution of the corporation as voided the legacy in the 4th paragraph. By reading the whole will it clearly appears that the intention of the testatrix was to provide a small fund to be held in trust, the income to be used for the propagation of religion of her own particular faith, and by the church in which she was personally interested. The change of name and the addition of another congregation to the church she mentions does not bring about the expenditure of the income of this legacy for purposes other than she wished. The giving effect to this legacy is merely carrying into effect her desires of giving the church corporation something for paying the running expenses and maintenance of the church, a church that will remain a member of the same central body and which will teach the same doctrine as the old and original church corporation mentioned by her in the paragraph giving the legacy.

She made bequests to several other corporations, and the 8th paragraph asked to be construed relates to each of these corporations; and a condition might arise whereby some of the other corporations might become dissolved and cease to exist, cease to function in any form, in fact, die, the same as some of the individuals mentioned in her will might die, and in that event the legacy to such particular corporation passing entirely out of existence would become void and fail. We do not believe the testatrix intended that a consolidation should work such a dissolution that would invalidate the legacy in question.

The court is of the opinion that the bequest of $2,000 given in the 4th paragraph and the bequest in the residuary clause of the will of the decedent to the First Particular Baptist Church is valid and is payable to the corporation now known as the First and Fifth Avenue Baptist Church of Troy. A decree may be entered accordingly upon two days' notice to all attorneys appearing.